■ GERALD COHEN, Respondent, v WEISS & COMPANY, Appellant, et al., Defendant. [730 NYS2d 862] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 12, 2001, which, to the extent appealed from as limited by the brief, granted plaintiff's request for a preliminary injunction to the extent of directing, *inter alia*, that plaintiff be permitted to reproduce accounting files held by defendant accounting firm, unanimously modified, on the law, the facts and in the exercise of discretion, to direct defendant to turn over to plaintiff all of his personal files and effects, file cabinet and any identifiable legal file belonging to plaintiff in its possession as well as copies of any documents and forms created by plaintiff on the computer system and, except as thus modified, affirmed, without costs or disbursements.

After a falling out in their contractual relationship, plaintiff sues to recover his personal property located within defendant Weiss & Company's premises. The preliminary injunctive relief afforded plaintiff, a certified public accountant and attorney who had entered into a written agreement with defendant and its principal, also a defendant, pursuant to which plaintiff agreed to refer certain clients to Weiss & Company for basic accounting services, entitling him to copy, at his own expense, accounting files held by Weiss & Company of persons alleged to have been plaintiff's accounting clients, was overly generous and exceeded the relief sought. Plaintiff never listed accounting files as part of the "Personal Property" sought and, in his moving papers, clearly and unequivocally stated that he was not seeking any accounting files, the recovery of which, on this record, he has failed to show entitlement. Indeed, in their written agreement plaintiff is not even referred to as an accountant. We modify accordingly. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.